IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JASON MILLHOUSE, | * | |
| Petitioner, | * | Civil Action No. RDB-14-863 |
| v. | * | Criminal Action No. RDB-11-0201 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

Jason Millhouse ("Petitioner" or "Millhouse") was indicted and charged with possession with intent to distribute a controlled substance under 21 U.S.C. § 841(a)(1) (Count One); possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c) (Count Two); and possession of a firearm and ammunition by a convicted felon under 18 U.S.C. § 922(g)(1) (Count Three). *See* Indictment, ECF No. 1.  On March 5, 2012, Petitioner entered a conditional guilty plea under Counts One and Three.[1]  *See* Rearraignment, ECF No. 39.  On June 12, 2012, Petitioner was sentenced to a term of imprisonment of seventy (70) months and three (3) years of supervised release.  *See* Judgment, ECF No. 46.  Following his unsuccuessful appeal and incarceration, Petitioner filed the currently pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  ECF No. 63.

The parties' submissions have been reviewed and no hearing is necessary.  *See* Local

---

[1] Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, with the consent of the Court and the Government, a Defendant may enter a conditional plea of guilty reserving the right to appeal the adverse determination of a pre-trial motion.

Rule 105.6 (D. Md. 2014). For the reasons that follow, Petitioner Jason Millhouse's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 63) pursuant to 28 U.S.C. § 2255 is DENIED.

## BACKGROUND

During the month of January, 2011, officers from the Caroline County Drug Task Force received information from a confidential informant that Petitioner was selling heroin out of his residence on Jonestown Lane in Preston, Maryland. *See* Motion to Suppress, ECF No. 17-1. The confidential informant was known to law enforcement and had proven reliable in previous investigations, with no history of providing false information. *Id.* The informant provided Sergeant Ronald E. Crouch of the Task Force with Petitioner's name, approximate age, and race, as well as a description of the residence on Jonestown Lane, the occupants residing there, and a description of Petitioner's car. *Id.* The informant told Sergeant Crouch that in addition to selling heroin, he had observed guns inside Petitioner's residence. *Id.*

After receiving the tip, Sergeant Crouch made inquiries with the Maryland Motor Vehicle Administration (MVA) and the National Criminal Information Center (NCIC) as well as the Criminal Justice Information System (CJIS) regarding Petitioner. *Id.* The inquiries revealed a criminal record with multiple felony arrests, including possession of a controlled dangerous substance, resisting arrest, and possession of a firearm. *Id.* Through the inquiry, Sergeant Crouch also obtained a photograph of Petitioner. When he presented the photograph to the confidential informant, the informant immediately identified Petitioner as the individual residing at the address in Preston. *Id.* Sergeant Crouch then

conducted surveillance of the residence on Jonestown Lane, and observed a silver Chevrolet Lumina matching the informant's description of Petitioner's car parked outside. *Id.*

Pursuant to this information, Sergeant Crouch arranged to make a controlled purchase of heroin from the residence during the week of January 23, 2011. *Id.* The Task Force observed the confidential informant enter and exit the Petitioner's residence, and then return immediately to law enforcement officers where he presented a substance he indicated was purchased from Petitioner. *Id.* The substance was field tested by Sergeant Crouch, a trained officer in narcotics interdiction, and identified as heroin. *Id.* Based on the results of the controlled purchase, along with the information provided by the confidential informant, Sergeant Crouch obtained a search and seizure warrant from Judge William H. Adkins, III, of the District Court of Maryland for Caroline County. *Id.*

On January 28, 2011, officers of the Task Force executed that warrant. *See* Letter of Understanding, ECF No. 40. Once inside the house, officers found Petitioner, along with a female companion, an infant child, and a teenaged male, all consistent with the informant's description. *Id.* During a search of the premises, officers discovered a soda bottle with a false compartment holding sixty-four (64) separate zip-lock baggies containing heroin. *Id.* Officers also saw propped up in plain view on the bedroom wall one Ruger, model Mini-14 Ranch, .223 caliber rifle with the serial number obliterated, and twenty rounds of Remington .223 caliber ammunition. *Id.* Petitioner was arrested and charged with possession with intent to distribute a controlled substance, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm and ammunition by a convicted felon. *See* ECF No. 1.

Petitioner filed a motion to suppress evidence as well as a motion for an evidentiary hearing based on the what he contended was a false statement in the affidavit, (ECF No. 24) as well as a deficient warrant issued by Judge Adkins III, (ECF No. 23).[2]  These motions were denied by this Court, and on March 5, 2012, Petitioner pled guilty to Counts I and III, pursuant to Rule 11(a)(2), preserving his right of appeal.  Count II was dismissed by the government.  ECF No. 46.  On June 12, 2012, Petitioner was sentenced to a term of imprisonment of seventy (70) months and three (3) years of supervised release.  *Id.*  On June 25, 2012, Petitioner appealed the denial of his suppression motions to the United States Court of Appeals for the Fourth Circuit, which affirmed this Court's rulings on the above motions.  *United States v. Millhouse*, 533 F. App'x 330, 331 (4th Cir. 2013).  Following his incarceration and subsequent denial of his appeal, Petitioner filed this Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 63) pursuant to 28 U.S.C. § 2255.

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  To state a claim for relief under 28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel Petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984); *see also United States v. Rangel* 781 F.3d 736, 742 (4th Cir. 2015).  The first, or "performance" prong, requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  The second, or "prejudice" prong, requires Petitioner to demonstrate that his counsel's errors

---

[2] This motion requesting a "*Franks*" hearing was based upon the Supreme Court's opinion in *Franks v. Delaware*, 438 U.S. 154 (1978).

deprived him of a fair trial. *Id.* at 687.  When a defendant alleges ineffective assistance after a guilty plea has been entered, the burden of proving the second prong of prejudice becomes even greater.  In *Hooper v. Garraghty*, the Fourth Circuit explained: "Such a defendant 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  *Hooper*, 845 F.2d 471, 75 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

## <u>DISCUSSION</u>

Petitioner broadly alleges his Sixth Amendment right to effective assistance of counsel was violated.  ECF No. 63.  Petitioner invokes several grounds in support of this allegation.  Petitioner argues that defense counsel I) failed to present evidence in support of Petitioner's *pro se* motions to suppress evidence and for a *Franks* hearing, and II) pressured petitioner to accept a plea agreement.

I.    <u>Counsel Presented Evidence Supporting Petitioner's *Pro Se* Motions</u>

Petitioner argues that counsel's performance was "unreasonably deficient" because counsel A) failed to attack an inconsistency found in a confidential memorandum prepared by Sergeant Crouch during the course of his investigation; B) refused to call a witness that Petitioner believed would contradict Sergeant Crouch's affidavit; and C) did not challenge the corroboration of the confidential informant's tip and the issuing judge's finding of probable cause.

   A)   <u>Counsel Presented an Extensive Argument Regarding an Inconsistency in Sergeant Crouch's Confidential Memorandum and his Affidavit</u>

Prior to obtaining the warrant, Sergeant Crouch prepared a confidential memorandum detailing his investigation to that point, including the information obtained

from the confidential informant and the results of the controlled purchase.  ECF No. 17-1.

While describing the controlled purchase in the confidential memorandum, Sergeant Crouch

referred to the individual selling heroin from the residence on Jonestown Lane by the name

"Alex Little."  *Id.*   This was in contrast with the nine other times the subject of the

investigation is identified by name in the memorandum, where he is referred by Petitioner's

name, "Jason Millhouse" or "Millhouse":

> The CI was observed entering the residence.  A short time later, the CI exited the
> residence and responded directly back to members of the Task Force.  The CI did
> not have contact with anyone while going to or coming from the residence.  The CI
> handed me an amount of suspected heroin that the CI advidsed was purchased from
> *Alex Little* while inside the residence.  The CI was again thoroughly searched where
> no controlled dangerous substances or U.S. Currency was revealed.  The CI advised
> that the purchase was made with Millhouse while inside the residence.

*Id.* (emphasis added).  The search warrant affidavit prepared for Judge Adkins III mirrors the

confidential memorandum nearly verbatim, but in the relevant sentence, replaces "Alex

Little" with "Jason Millhouse."  *Id.*

On September 6, 2011, Petitioner filed a *pro se* motion to suppress evidence found in

inside the residence on January 26, drawing in part on the inconsistency in the investigative

memorandum and the affidavit.  ECF No. 24.  In response, on November 11, 2011,

Sergeant Crouch filed a supplemental report correcting the mistake.  *See* Response in

Opposition, ECF No. 32-1.  Sergeant Crouch explained that at the time, he was involved in

simultaneous investigations with similar controlled substance purchases, giving rise to the

"typographical" error:

> Due to the fact that the controlled purchases were similar in method, I "blocked and
> pasted" the paragraph from the Alex Little report into the Jason Millhouse report,
> and successfully changed the drug to heroin, but failed to delete and change the
> suspect's name from Alex Little to Jason Millhouse.  The mistake is obvious in that
> the incorrect line is followed by the correct line that would have been redundant if

> not a mistake.  Further, the entire report contains the name Jason Millhouse many
> times and does not contain the name Alex Little except in that one incorrect line.

*Id.*  Petitioner argues that the inconsistency was not a mere typographical error, but a deliberate falsehood, and that lack of any reference to it in the affidavit would have been grounds for a *Franks* hearing had his counsel presented an effective argument.  ECF No. 63.

A *Franks* hearing is required when a false statement "knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant" and that the false statement is "necessary to the finding of probable cause…" *Franks v. Delaware*, 438 U.S. 154 (1978).  For a *Franks* hearing to be granted over an omission in an affidavit, Petitioner must demonstrate that the omission was "designed to mislead." *United States v. Tate*, 524 F.3d 449, 455 (4th Cir. 2008).  To do so, Petitioner must make a preliminary showing "accompanied by a detailed offer of proof" that the omission was intentional, and that "its inclusion would defeat probable cause." *United States v. Colkley*, 899 F.2d at 300-01 (4th Cir. 1990).

Considering the remainder of the affidavit and the confidential memorandum consistently and repeatedly refer to Petitioner as the individual selling heroin, the lone inconsistency was insufficient to warrant a *Franks* hearing.  As the Fourth Circuit indicated on appeal, Petitioner "falls far short of making a 'substantial preliminary showing' that the claimed misconduct reflected anything more than an unintentional clerical error." *Millhouse*, 533 F. App'x at 331.

Nevertheless, Petitioner argues that counsel's performance in challenging the inconsistency at the suppression hearing was deficient.  ECF No. 63.  Petitioner alleges counsel merely conceded the point that it was a typographical error to the government, saying, in Petitioner's words, "if you say it's a mistake, it is." *Id.*  The record, however,

reflects counsel arguing at length regarding the inconsistency between the memorandum and the affidavit. *See* Hr'g Tr., ECF No. 57. Counsel stated that neither he nor his client were willing to concede the inconsistency was a mistake, and was able to preserve the issue on appeal for Petitioner. *Id.*

B) <u>Counsel did not call a Witness Petitioner Believed to be the Government's Confidential Informant</u>

Petitioner next argues that counsel failed to call a witness to the stand that Petitioner believed would contradict Sergeant Crouch's affidavit. ECF No. 63. Petitioner contends that this witness told a private investigator employed by defense counsel that although he purchased heroin from Petitioner in the past, he had not done so from Petitioner's residence. *Id.* Petitioner argues that this contradicts information provided by Sergeant Crouch's informant, who indicated that he had purchased heroin from Petitioner while at Petitioner's house. *Id.* Petitioner further contends that had his counsel called the witness, and the witness provided such testimony, it would have presented a "reasonable probability the Court would have granted the *Franks* request." *Id.*

To establish the level of prejudice required *Strickland*, the defendant must demonstrate that there is a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Sergeant Crouch's affidavit does not stipulate that Petitioner exclusively sold heroin from his residence, or that the confidential informant provided such information. *Id.* A witness that testified to purchasing heroin from Petitioner somewhere other than Petitioner's residence therefore would not have discredited the affidavit, and Petitioner's argument would have fallen short of the showing required by *Franks*. The

decision not to pursue such testimony thus fails the "reasonable probability" of a different outcome required by *Strickland*.

    C) <u>Counsel Presented Evidence Challenging Sergeant Crouch's Warrant</u>

Finally, Petitioner alleges that counsel failed to challenge the probable cause determination in Sergeant Crouch's warrant. ECF No. 63. First, Petitioner argues that counsel never investigated the sufficiency of Sergeant Crouch's field test of the substance obtained during the controlled purchase. *Id.* Second, Petitioner charges that counsel failed to present evidence challenging Sergeant Crouch's corroboration of the tip provided by his confidential informant. *Id.*

This argument is unpersuasive. First, there are no requirements to conduct a laboratory test of a substance acquired during a controlled purchase to obtain probable cause for a warrant. *See, e.g., Lamping v. Walraven*, 30 F. App'x 577 (6th Cir. 2002) (field test was sufficient under Fourth Amendment to show probable cause for issuance of warrant to search suspect's home). Nevertheless, counsel did raise concerns during the motion to suppress hearing over the adequacy of Sergeant Crouch's field test. *See* Hr'g Tr., ECF No. 57.

Second, Sergeant Crouch's affidavit reflects the corroboration of Petitioner's identity, the location of his residence, the occupants residing there, and the make and model of the car that was seen parked outside his residence, as consistent with information supplied by the confidential informant. ECF No. 17. When coupled with the results of the controlled purchase, there was more than a "fair probabilty" of finding evidence of a crime at the residence. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983). Despite these facts, Petitioner's counsel argued at length over the adequacy of the warrant's probable cause showing. *See*

Hr'g Tr., ECF No. 57.

Moreover, even with a finding that the warrant contained a false statement or was lacking in probable cause, *United States v. Leon* would preclude application of the exclusionary principle unless Sergeant Crouch relied on the warrant in bad faith. *See United States v. Leon*, 468 U.S. 897 (1984). The *Leon* Court identified four instances where the bad faith exception would apply. Of these, the only applicable argument would be that the warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Leon*, 468 U.S. 899 (1984). Based on the corroboration of the confidential informant's tip, the review of Petitioner's record, and the results of the controlled purchase, there was more than sufficient evidence to refute any allegation that the warrant was facially insufficient. *Id.*

## II.    Petitioner Indicated to this Court that He  Was Not Pressured to Plead Guilty

The Sixth Amendment right to counsel extends to the plea-bargaining process. *Land v. United States*, No. ELH-14-0188 (D.Md. 2015); *Hill v. Lockhart* 474 U.S. 52, 58 (1985). In *Hooper v. Garraghty*, 845 F.2d 471 (4th Cir. 1988), the Fourth Circuit noted that a defendant challenging a guilty plea in a claim of ineffective assistance of counsel "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty." *Id.* at 475 (quoting *Hill v. Lockhart*, 474 U.S. at 59); s*ee also*, *Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000).

Petitioner contends that throughout his relationship with his attorney, he was consistently pressured to plead guilty. ECF No. 63. However, at the March 5, 2012 rearraignment, Petitioner represented to this Court under oath that no one had made any other or different promises or assurances to him in an effort to induce him to plead guilty in

this case.  *See* Hr'g Tr., ECF No. 58.  He acknowledged having had the opportunity to read and discuss the plea agreement with his counsel before signing it and stated that he was fully satisfied with his attorney's representation and advice.  *Id.*  Therefore, Petitioner's allegation that he was pressured into pleading guilty is not persuasive.

It must also be noted that Petitioner obtained an eight-level reduction in his offense level, as well as a two-category reduction in his Criminal History category, due to counsel persuading this Court not to consider Petitioner a Career Offender as the Government asserted.  *See* Hr'g Tr., ECF No. 56.  This led to a reduction of Petitioner's sentence from a range of fourteen (14) to seventeen (17) years down Petitioner's final sentence of seventy (70) months.  The record also indicates that the plea agreement negotiated by counsel on Petitioner's behalf preserved Petitioner's right to appeal this Court's ruling on his pre-trial motions.  Under the prejudice prong of *Strickland*, Millhouse "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty." *Hooper v. Garraghty*, 845 F.2d at 475.  Petitioner has simply not met this burden.  In sum, the record does not reflect prejudice, but that Petitioner obtained a substantial benefit from counsel's performance.

## CONCLUSION

For the foregoing reasons, Petitioner Jason Millhouse's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 63) pursuant to 28 U.S.C. § 2255 is DENIED.  Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from

the court's earlier order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:       June 10, 2015

                                                    /s/
                                        _____
                                        Richard D. Bennett
                                        United States District Judge